# ANALYSIS OF COUNTERCLAIM OF DEFENDANT DIAMOND AGAINST HEALTH CARE FACILITIES PARTNERS, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

HEALTH CARE FACILITIES PARTNERS, LLC ET AL.
V.
JACK DIAMOND ET AL.

CASE NO. 5:21-CV-1070

ALL-STATE LEGAL®
EXHIBIT
1

APPLE GROW+H PARTNERS
Healthy Growth.
AGPN, PLLC

APPLE
GROWTH
PARTNERS
Healthy Growth.
AGPN, PLLC

Accountants + Business Advisors

September 16, 2022

Hamilton DeSaussure, Jr., Esq.
Stark & Knoll Co, LPA
3475 Ridgewood Road
Akron, OH 44333

**Re: Analysis of Counterclaim of Defendant Jack Diamond against Health Care Facilities Partners, LLC in the matter of Health Care Facilities Partners, LLC, et al. v. Jack Diamond et. al.**

Dear Attorney DeSaussure:

You have asked, and I herewith provide my professional opinion as to damages related to the Counterclaim of Defendant Jack Diamond ("Diamond" or "Defendant") against Health Care Facilities Partners, LLC, et al., filed November 22, 2021 (the "Counterclaim"). I have reviewed the Counterclaim and include my observations and opinions as to damages in this report and the attached schedules.

## I. Summary of the Counterclaim

A. As of October 29, 2020, and prior thereto, Diamond held a minority interest in Health Care Facilities Partners, LLC ("HCFP"), Health Care Facilities Partners Administration, LLC ("HCFPA") and SDP of Dallas, LLC (collectively the "Company"). For some time leading up to October 29, 2020, Diamond sought to sell his interest in HCFP, HCFPA, SDP of Dallas, LLC and certain other related entities of HCFP.

B. On October 29, 2020, the defendant entered into a Purchase and Sale Agreement[1] ("PSA") with ValueHealth, LLC ("ValueHealth") in which Diamond sold all of his interests in HCFP to ValueHealth. The PSA agreed to a total enterprise value of HCFP of $12,500,000.[2]

C. The PSA between Diamond and ValueHealth included an indemnity provision whereby ValueHealth immediately indemnified and held harmless Diamond from any claims and responsibilities arising from activities of HCFP or its members, including Diamond's personal guarantee of HCFP debts.[3]

D. In early November 2020, the Purchase Agreement was amended to include the Defendant's interests in Health Care Facilities Partners Administration, LLC (HCFPA") and SDP of Dallas Holdings, LLC ("SDP Dallas"), without adjustment to the purchase price under the First Amended Purchase and Sale Agreement ("Amended PSA").[4]

[1] VH_0002262-2267.
[2] VH_0002262.
[3] VH_0002262-2263.
[4] Diamond-00008007-8009 and VH_0001374.

## I. Summary of the Counterclaim (continued)

E. The Amended PSA with ValueHealth was revised in part to clarify the indemnity of any responsibilities related to the Company's business activities including Diamond's portion of the personal guarantee of the debt incurred by HCFPA and SDP Dallas which would be similarly assumed by ValueHealth.[5] The Amended PSA also clarified the total amount of Mr. Diamond's personal guarantee of Company debt totaling up to $7,350,000.[6]

F. The Defendant alleges that the sale of his ownership interest in HCFP was entirely proper and permissible under the terms of the Operating Agreement of HCFP. The 2014 Operating Agreement of HCFP[7] permitted the transfer by members of their interests in the Company under Section 5.3 as follows:

> "5.3 **Admission of a Transferee as a Member**. - A Member may transfer an Interest to another person and the transferee will be admitted as a Member and the Managers will reflect the transfer on the Ownership Schedule."[8]

G. Similarly, the Defendant alleges that the sale of his interest in HCFPA was entirely proper and permissible under the terms of the 2019 Operating Agreement of HCFPA.[9] The HCFPA Operating Agreement contained an identical Section 5.3 as found in the HCFP Operating Agreement.[10]

H. Further, the Defendant alleges that the sale of his interest in SDP Dallas was entirely proper and permissible under the terms of the 2014 Operating Agreement of SDP Dallas.[11] The SDP Dallas Operating Agreement also includes an identical Section 5.3 as found in the HCFP Operating Agreement. [12]

I. After notification by Diamond and ValueHealth that execution of the PSA had occurred, Diamond alleges HCFP by and through its officers, some Managers, and some Members, purported to amend the HCFP, HCFPA, and SDP Dallas operating agreements, and other Plaintiff amended operating agreements in which Diamond was a member, in an attempt to make Diamond's sale of his interest into a claimed violation of the November 13, 2020 HFCP Amended Operating Agreement[13] and the November 13, 2020 HCFPA Amended Operating Agreement.[14]

## II. Damages Pertaining to the Sale of Diamond Unit Interests to ValueHealth, LLC

A. The Purchase Agreement between Mr. Diamond and ValueHealth set forth that Mr. Diamond transferred his unit interest in HCFP, HCFPA and SDP Dallas at a total enterprise value of $12,500,000.[15] The Purchase Agreement defines the purchase price to be calculated as $12,500,000 enterprise value, less outstanding debt of the Company, times Mr. Diamond's ownership interest percentage in HCFP.[16] Per the November 13, 2020 amended operating agreement of HCFP, Mr. Diamond held 26.66% of HCFP.[17]

---

[5] Diamond_00008007-009.
[6] Diamond-00014993.
[7] HCFP_000023411-23432.
[8] HCFP_000023418.
[9] HCFP_000013491-13503.
[10] HCFP_000013497.
[11] HCFP_000041765-41779.
[12] HCFP_000041772.
[13] HCFP_000016521-000016533.
[14] Diamond-0012877-12889.
[15] VH_0002262 and Diamond-00008007.
[16] VH-0002262.
[17] HCFP_000016533.

## II. Damages Pertaining to the Sale of Diamond Unit Interests to ValueHealth, LLC (continued)

B. Based on the defined closing date of March 31, 2021, and the defined purchase price formula, I find the alleged damages related to the unit transaction between Diamond and ValueHealth, exclusive of the lost indemnity damages addressed in Sections III and IV below, to be $1,799,170 (see Schedule A).

C. Additionally, I have calculated prejudgment interest for the damages due Diamond related to the unit transaction with ValueHealth, exclusive of the lost indemnity damages addressed in Sections III and IV below, from the expected closing date of March 31, 2021, to the date of trial June 12, 2023 to be $135,197 (see Schedule A).

## III. Damages Pertaining to Demand Deposit Account for SDP Dallas Debt

A. Pursuant to the Purchase Agreement between Mr. Diamond and ValueHealth, ValueHealth was to relieve Mr. Diamond of his personal obligations for any liabilities related to his ownership interests in HCFP, HCFPA, and SDP Dallas.[18] Under the hypothecation assignment and pledge agreement[19] with FirstBank, Mr. Diamond is required to hold assets with FirstBank as collateral.

B. Per email correspondence between the Members of SDP Dallas the Members were required by FirstBank to place on deposit a total amount of $348,533.74, with each Member making a deposit of the total based on their respective ownership percentage.[20] Mr. Diamond's required deposit by September 10, 2021, was $99,332,12.[21]

C. Mr. Diamond would have otherwise had access to the funds as a result of ValueHealth assuming his liability under the PSA. Additionally, Mr. Diamond could have had the ability to invest these funds into a higher returning asset rather than the current FirstBank savings account paying him 0.05% interest annually.[22]

D. I have calculated Mr. Diamond's potential return if he would have purchased a 30-year Treasury Bond which would generate a return of 1.94%[23] annually from September 10, 2021, through the date of trial June 12, 2023 as damage in the form of lost investment returns less the amount of interest he received for having the balance in the savings account with FirstBank (see Schedule B).

E. The damages associated with the lost ValueHealth indemnity and the subsequent requirement to maintain a demand deposit account with FirstBank is $102,676 (see Schedule B).

F. Additionally, I have calculated prejudgment interest for the damages due Diamond related to the requirement to maintain a demand deposit account with FirstBank from September 10, 2021 through the trial date of June 12, 2023 to be $6,341 (see Schedule B-1).

## IV. Contingent Damages Pertaining to Indemnity of Diamond Personal Guarantee of Company Debt

A. Pursuant to the PSA between Diamond and ValueHealth, Value Health was to relieve Mr. Diamond of his personal obligation for any liabilities related to his ownership interests in HCFP, HCFPA and SDP Dallas.[24] Specifically the amended PSA provided for the immediate assumption of Diamond's guarantee of Company debt up to $7,350,000 as identified in Schedule 1 of the amended PSA.[25]

---

[18] Diamond_00008007-8009.
[19] Diamond-00002782-2788.
[20] Diamond 00005698-5703.
[21] BMD-Putatero-00000320.
[22] FirstBank Savings Account xxxx-9528, June 30, 2022 Statement.
[23] Federal Reserve FRED Database, DG830, as of September 10, 2021.
[24] Diamond_00008007-8009.
[25] Diamond-00008009.

**IV. Contingent Damages Pertaining to Indemnity of Diamond Personal Guarantee of Company Debt (continued)**

B. Due to the alleged interference of some Managers and some Members of the Plaintiffs in this matter, Mr. Diamond remains personally obligated as a guarantor of the Company debt. Mr. Diamond is personally liable for all Company debt under two separate unlimited Guaranty Agreements with Franklin Synergy Bank (now FirstBank)[26] and Servisfirst Bank[27] (the Guaranty Agreements).

C. The financial institutions can enforce the Guaranty Agreements, with unlimited joint and several liability to Mr. Diamond up to the full lending commitment of $7,350,000.

D. Should the Companies, or Members, receive a notice of default or other legal action from FirstBank or Servisfirst Bank triggering Mr. Diamond's personal guaranty I reserve the right to amend the current damage conclusion in this report.

E. I find the contingent damages pertaining to the lost ValueHealth indemnity of Diamond's personal guarantee of Company debt to be up to $7,350,000.

**V. <u>Conclusion</u>**

A. **As a result of the alleged damages under the counterclaim, filed by the Defendant Diamond I find within a reasonable degree of economic certainty the total current damages due to the Defendant Diamond are $1,901,846 (see Schedule C).**

B. **The calculated prejudgment interest for the current damages due Diamond is $141,538 (see Schedule C)**

C. **As a result of the alleged damages under the counterclaim, filed by Defendant Diamond, I find the contingent damages pertaining to the lost indemnity of Diamond's personal guarantee of Company debt is up to $7,350,000.**

D. I have no personal interest or bias in this matter. Apple Growth Partners' fees are not contingent upon these findings and are billed at normal hourly rates ranging from $150-$435 per hour. My hourly rate for this engagement is $435 per hour.

I reserve the right to update this report and analysis, and the opinions contained herein, should additional information become available.

Sincerely,

*Apple Growth Partners*

Jason R. Bogniard, MBA, ASA, CVA, EA

---

[26] Diamond-00048365-48372.
[27] Diamond-00048099-48118.

Schedule A

**Healthcare Facilities Partners, LLC, et al. v Jack Diamond, et al.**
**United States District Court for the Northern District of Ohio Eastern Division**
**Current Damage Pertaining to Sale of Diamond Interests to ValueHealth**

| | |
|---|---|
| Purchase Price [1] | 12,500,000 |
| Debt [2] | (5,751,426) |
| Equity Value | 6,748,574 |
| Ownership Percentage [3] | 26.66% |
| Diamond Purchase Price | 1,799,170 |

Closing Date 03/24/2021

| Date | Net Damage | Statutory Interest Rate [4] | Statutory Interest Amount | Cumulative Interest Amount |
|---|---|---|---|---|
| 4/30/2021 | 1,799,170 | 0.25% | 4,498 | 4,498 |
| 5/31/2021 | 1,799,170 | 0.25% | 4,498 | 8,996 |
| 6/30/2021 | 1,799,170 | 0.25% | 4,498 | 13,494 |
| 7/31/2021 | 1,799,170 | 0.25% | 4,498 | 17,992 |
| 8/31/2021 | 1,799,170 | 0.25% | 4,498 | 22,490 |
| 9/30/2021 | 1,799,170 | 0.25% | 4,498 | 26,988 |
| 10/31/2021 | 1,799,170 | 0.25% | 4,498 | 31,485 |
| 11/30/2021 | 1,799,170 | 0.25% | 4,498 | 35,983 |
| 12/31/2021 | 1,799,170 | 0.25% | 4,498 | 40,481 |
| 1/31/2022 | 1,799,170 | 0.25% | 4,498 | 44,979 |
| 2/28/2022 | 1,799,170 | 0.25% | 4,498 | 49,477 |
| 3/31/2022 | 1,799,170 | 0.25% | 4,498 | 53,975 |
| 4/30/2022 | 1,799,170 | 0.25% | 4,498 | 58,473 |
| 5/31/2022 | 1,799,170 | 0.25% | 4,498 | 62,971 |
| 6/30/2022 | 1,799,170 | 0.25% | 4,498 | 67,469 |
| 7/31/2022 | 1,799,170 | 0.25% | 4,498 | 71,967 |
| 8/31/2022 | 1,799,170 | 0.25% | 4,498 | 76,465 |
| 9/30/2022 | 1,799,170 | 0.25% | 4,498 | 80,963 |
| 10/31/2022 | 1,799,170 | 0.25% | 4,498 | 85,461 |
| 11/30/2022 | 1,799,170 | 0.25% | 4,498 | 89,958 |
| 12/31/2022 | 1,799,170 | 0.25% | 4,498 | 94,456 |
| 1/31/2023 | 1,799,170 | 0.42% | 7,557 | 102,013 |
| 2/28/2023 | 1,799,170 | 0.42% | 7,557 | 109,569 |
| 3/31/2023 | 1,799,170 | 0.42% | 7,557 | 117,126 |
| 4/30/2023 | 1,799,170 | 0.42% | 7,557 | 124,682 |
| 5/31/2023 | 1,799,170 | 0.42% | 7,557 | 132,239 |
| 6/12/2023 | 1,799,170 | 0.16% | 2,958 | 135,197 |
| **Subtotal** | **1,799,170** | | | **135,197** |
| | **Total** | | | **1,934,366** |

[1] Per Diamond-00008007-8009
[2] Per HCFP_000057566, March 31, 2021 Balance
[3] Per HCFP_000016521-16533
[4] Annual rate per Ohio Revised Code 5703.47

**Healthcare Facilities Partners, LLC, et al. v Jack Diamond, et al.**
**United States District Court for the Northern District of Ohio Eastern Division**
**Current Damage Pertaining to Demand Deposit Account for SDP Dallas Debt**

| | Date | Net Damage | Actual Interest (.05%) | Monthly Risk Free Rate (30-year Treasury Rate monthly) [2] | T Bond Value | Net of |
|---|---|---|---|---|---|---|
| 0 [1] | 9/10/2021 | 99,332.12 | | 1.94% | | |
| 1 | 9/30/2021 | 99,335 | 2.59 | | 99,432 | |
| 2 | 10/31/2021 | 99,339 | 4.14 | | 99,593 | |
| 3 | 11/30/2021 | 99,343 | 4.14 | | 99,754 | |
| 4 | 12/31/2021 | 99,347 | 4.14 | | 99,915 | |
| 5 | 1/31/2022 | 99,351 | 4.14 | | 100,077 | |
| 6 | 2/28/2022 | 99,355 | 4.14 | | 100,239 | |
| 7 | 3/31/2022 | 99,360 | 4.14 | | 100,401 | |
| 8 | 4/30/2022 | 99,364 | 4.14 | | 100,563 | |
| 9 | 5/31/2022 | 99,368 | 4.14 | | 100,726 | |
| 10 | 6/30/2022 | 99,372 | 4.14 | | 100,889 | |
| 11 | 7/31/2022 | 99,376 | 4.14 | | 101,052 | |
| 12 | 8/31/2022 | 99,380 | 4.14 | | 101,215 | |
| 13 | 9/30/2022 | 99,384 | 4.14 | | 101,379 | |
| 14 | 10/31/2022 | 99,389 | 4.14 | | 101,543 | |
| 15 | 11/30/2022 | 99,393 | 4.14 | | 101,707 | |
| 16 | 12/31/2022 | 99,397 | 4.14 | | 101,871 | |
| 22 | 1/31/2023 | 99,401 | 4.14 | | 102,036 | |
| 23 | 2/28/2023 | 99,405 | 4.14 | | 102,201 | |
| 24 | 3/31/2023 | 99,409 | 4.14 | | 102,366 | |
| 25 | 4/30/2023 | 99,413 | 4.14 | | 102,532 | |
| 26 | 5/31/2023 | 99,418 | 4.14 | | 102,697 | |
| **26** | **6/12/2023** | **99,419** | **1.63** | | **102,763** | |

[1] Per BMD-Putatero-00000320
[2] Per the Federal Reserve FRED Database, DGS30, as of September 10, 2021.

| Healthcare Facilities Partners, LLC, et al. v Jack Diamond, et al. | | | | |
|---|---|---|---|---|
| United States District Court for the Northern District of Ohio Eastern Division<br>Prejudgment Interest on Current Damage Pertaining to Demand Deposit Account for SDP Dallas | | | | |
| Date | Net Damage [1] | Statutory Interest Rate [3] | Statutory Interest Amount | Cumulati |
| 9/10/2021 | 99,332.12 | | | |
| 9/30/2021 | 99,430 | 0.25% | $ 248.57 | $ |
| 10/31/2021 | 99,586 | 0.25% | $ 248.97 | $ |
| 11/30/2021 | 99,743 | 0.25% | $ 249.36 | $ |
| 12/31/2021 | 99,900 | 0.25% | $ 249.75 | $ |
| 1/31/2022 | 100,058 | 0.25% | $ 250.14 | $ |
| 2/28/2022 | 100,215 | 0.25% | $ 250.54 | $ |
| 3/31/2022 | 100,373 | 0.25% | $ 250.93 | $ |
| 4/30/2022 | 100,532 | 0.25% | $ 251.33 | $ |
| 5/31/2022 | 100,690 | 0.25% | $ 251.73 | $ |
| 6/30/2022 | 100,849 | 0.25% | $ 252.12 | $ |
| 7/31/2022 | 101,008 | 0.25% | $ 252.52 | $ |
| 8/31/2022 | 101,167 | 0.25% | $ 252.92 | $ |
| 9/30/2022 | 101,326 | 0.25% | $ 253.32 | $ |
| 10/31/2022 | 101,486 | 0.25% | $ 253.72 | $ |
| 11/30/2022 | 101,646 | 0.25% | $ 254.12 | $ |
| 12/31/2022 | 101,806 | 0.25% | $ 254.52 | $ |
| 1/31/2023 | 101,967 | 0.42% | $ 428.26 | $ |
| 2/28/2023 | 102,128 | 0.42% | $ 428.94 | $ |
| 3/31/2023 | 102,289 | 0.42% | $ 429.61 | $ |
| 4/30/2023 | 102,450 | 0.42% | $ 430.29 | $ |
| 5/31/2023 | 102,612 | 0.42% | $ 430.97 | $ |
| 6/12/2023 | 102,676 | 0.16% | $ 168.78 | $ |
| **Subtotal** | **102,676** | | | |
| | **Total** | | | |

[1] HCFP Legacy Update and Funding January 17, 2022.
[2] HCFP Legacy Update and Funding August 8, 2022.
[3] Annual rate per Ohio Revised Code 5703.47

**Healthcare Facilities Partners, LLC, et al. v Jack Diamond, et al.**
**United States District Court for the Northern District of Ohio Eastern Division**
**Summary of Current Damages**

| Claim | Amount | Statutory Interest | Total |
|---|---|---|---|
| Sale of Diamond Interest to ValueHealth | 1,799,170 | 135,197 | 1, |
| Demand Deposit Account | 102,676 | 6,341 | |
| Total Damage | 1,901,846 | 141,538 | 2 |

APPLE GROW+H PARTNERS
Healthy Growth.®
AGPN, PLLC

Appendix A

# JASON R. BOGNIARD, MBA, ASA, CVA, EA

## Work Experience

Jason is a Principal in the business valuation and litigation consulting group at Apple Growth Partners (AGP). As an Accredited Senior Appraiser, Jason has been responsible for the development of hundreds of business valuation engagements for interests in closely held companies covering a variety of industries. He has performed valuations and other financial analyses for a number of purposes including litigation support services involving shareholder disputes, asset tracing, bankruptcy, and domestic relations. Non-litigation engagements include estate and gift taxes, Employee Stock Ownership Plans (ESOPs), feasibility studies, mergers and acquisitions, stock options, and corporate planning. Jason has been engaged to provide expert witness testimony relating to business valuations, lost profits and economic damages, forensic accounting, solvency, spousal and child support, and asset tracing matters. Engagements performed include business valuations, economic damage analyses, solvency and fairness opinions for various industries including industrial manufacturing and distribution, professional service, automotive, retail, medical practices, dental practices, real estate development and construction, telecommunications, food and beverage, restaurant, insurance, automobile dealership, and metal processing among others.

## Positions

- Apple Growth Partners, Shareholder, Operating Committee and Head of Finance (July 2005 – Present)
  Principal in the Business Valuation and Litigation Support Department.

  Responsible for development and preparation of valuations of closely-held business entities, economic damages, and other financial analyses and providing related court testimony.
- CBIZ Accounting, Tax and Advisory Services, Senior Valuation Consultant (1999 – June 2005)
  Responsible for valuations of hundreds of closely-held business entities, and economic damage analyses.

## Educational Background and Other

Jason is a summa cum laude graduate of Ohio University with a Bachelor's degree in finance. Additionally, Jason has obtained a Masters of Business Administration at Case Western Reserve's Weatherhead School of Management, receiving the Dean's Academic Achievement Award. Jason is an Accredited Senior Appraiser and member of the American Society of Appraisers, as well as a Certified Valuation Analyst and member of the National Association of Certified Valuators and Analysts. As an Enrolled Agent (EA), Jason is a federally-authorized tax practitioner, who has technical expertise in the field of taxation, and is empowered by the U.S. Department of the Treasury to represent taxpayers before all administrative levels of the Internal Revenue Service for audits, collections and appeals.

## Professional Associations

**The American Society of Appraisers**
- Accredited Senior Appraiser

**National Association of Certified Valuators and Analysts**
- Certified Valuation Analyst

**The Center for Principled Family Advocacy**
Member/Completed Collaborative Divorce Training

**International Academy of Collaborative Professionals**
- Member

**The Ohio Society of CPAs**
- Affiliate Member

## Publications / Presentations

- Domestic Relations Journal Ohio – "Double Dipping is Not Necessarily Alive and Well" Nov /Dec 2008
- Healthy Growth Newsletter –"Buy-Sell Agreements - Why "We Have a Formula" Doesn't Always Work in Litigation" Jan. 2009
- Tax Affecting Flow-Through Entities – A Valuation Discussion – Akron Tax Club – January 2012
- Principles of Business Valuation for M & A – Akron Bar Association – March 2013
- Valuing Small and Medium Sized Companies – Akron Bar Association – May 2014
- Business Valuation for Succession Planning – Mentor, Ohio – November 2014
- What's My Business Worth? – Apple Growth Partners Succession Planning Series – January 2015
- Adopting an Acquisition Strategy – Apple Growth Partners Growth Through Acquisition Series – August 2015
- "Transaction Diligence & Valuation, ESOPs and Forensic Accounting" – Tucker Ellis – August 2017
- Time is Running Out for Deducting Alimony" – Healthy Growth Blog – August 2018
- "Charitable Deduction Appraisals Now Finalized by IRS" – Healthy Growth Blog – October 2018
- "Double Dipping" in Divorce – Healthy Growth Blog – August 2019
- "When the Economy Gives You Lemons, Make Estate Planning Lemonade" – Healthy Growth Blog – March 2020
- "Buy-Sell Agreements – "We Have a Formula Doesn't Always Work" – Healthy Growth Blog – July 2020
- Estate Planning in the COVID-19 Era – The University of Akron National Tax Conference – October 2020
- "Business Disputes and Calculating Damages" – Healthy Growth Blog – February 2021
- "Business Disputes – Lost Profits and incremental Expenses" – Healthy Growth Blog – May 2021

## Expert Testimony

**Karis v. Karis,** Case No. DR-1990-05-1033, Summit County Domestic Relations Court
**Cleary v. Cleary,** Case No. DR-1997-1777, Summit County Domestic Relations Court
**Shamblin v. Shamblin,** Case No. DR-2000-00213, Portage County Domestic Relations Court
**Schindler v. Schindler,** Case No. DR-2005-02-0713, Summit County Domestic Relations Court
**Miller v. Miller, Case No.** DR-2005-08-2753, Summit County Domestic Relations Court
**Pearce v. Pearce,** Case No. DR-2005-11-4134, Summit County Domestic Relations Court
**Grossi v. Grossi,** Case No. DR-2006-02-0493, Summit County Domestic Relations Court
**Vidmar v. Meredith,** Case No. DR-2007-07-2191, Summit County Domestic Relations Court
**Harmon v. Harmon,** Case No. DR-2007-08-2520, Summit County Domestic Relations Court
**Tobin v. Tobin,** Case No. DR-2007-10-3204, Summit County Domestic Relations Court
**Kozlowski v. Kozlowski,** Case No. DR-2008-00474, Portage County Domestic Relations Court
**Prunty v. Prunty,** Case No. DR-2008-02-0392, Summit County Domestic Relations Court
**Krone v. Krone,** Case No. DR-2008-06-1714, Summit County Domestic Relations Court
**Pulk v. Pulk,** Case No. DR-2008-09-2867, Summit County Domestic Relations Court
**Ramunda v. Ramunda,** Case No. DR-2008-10-3014, Summit County Domestic Relations Court
**Weida v. Weida,** Case No. DR-2008-04-1102, Summit County Domestic Relations Court
**Miller v. Miller,** Case No. 08DR0514, Medina County Domestic Relations Division
**Keathley v. Keathley,** Case No. DR-2009-08-2551, Summit County Domestic Relations Court
**Magnum Steel & Trading, LLC. v. Gerald Mink, et al.,** Case No. 2009-10-7488, Summit County Court of Common Pleas
**Wilcox v. Wilcox,** Case No. DR-2009-10-3138, Summit County Domestic Relations Court
**Geraci v. Geraci,** Case No. DR-2009-12-3747, Summit County Domestic Relations Court
**Roth v. Roth,** Case No. DR10-332755, Cuyahoga County Common Pleas Court
**Kellhofer v. Kellhofer,** Case No. DR-2010-05-1304, Summit County Domestic Relations Court
**Moore v. Moore,** Case No. DR10-333640, Cuyahoga County Common Pleas Court
**Collins v. Collins,** Case No. DR-2010-09-2791, Summit County Domestic Relations Court
**Olympic Forest Products Co. et. al. v. Mickey Karipides, et. al.,** Case No. CV-2011-746543, Cuyahoga County Court of Common Pleas
**Audia v. Audia,** Case No. 2011 DR 00304, Portage County Domestic Relations Court
**Palazzo v. Palazzo,** Case No. DR-2012-04-1249, Summit County Domestic Relations Court
**Hixon V. Wallace,** Case No. CV2012-10-5589, Summit County Court of Common Pleas
**Rose v. Rose,** Case No. DR-13-347067, Cuyahoga County Common Pleas Court
**Paul v. Paul,** Case No. 2013 DR00584, Stark County Domestic Relations Court
**Dengensha America Corporation v. John Andrew Jackson,** Case No. 13-43032-WSD, U.S. Bankruptcy Court
**John Bova v. Anna Cahlik,** Case No. 07DR0235, Medina County Domestic Relations Division
**Robert Quinn v. Lesya Pochynok,** Case No. CV-13-814398, Cuyahoga County Common Pleas Court
**Tracfone Wireless, Inc. v. Clear Choice Connections, Inc. et al.** Case No. 13-CV-23066-Williams, U.S. District Court S.D. of Fla.
**Bianco v. Bianco,** Case No. 08DR0016, Medina County Domestic Relations Division
**McCrory v. McCrory,** Case No. 14DR0550, Medina County Domestic Relations Division
**Testa v. Testa,** Case No. DR-2013-10-2796, Summit County Domestic Relations Court
**Kim v. Kim,** Case No. DR-2015-10-3198, Summit County Domestic Relations Court
**Koberlein v. Koberlein,** Case No. 2017 DR00881, Stark County Domestic Relations Court
**Babiker Eltayeb, M.D. vs. Akron Nephrology Associates, Inc.,** Case No. CV-2017-06-2590, Summit County Court of Common Pleas
**Fultz & Son, Inc. v. Browning-Ferris Industries of Ohio, Inc.,** Case No. 3:17-CV-00053, U.S. District Court -NE.D. Ohio
**Baughman v. Baughman,** Case No. DR-2018-05-1364, Summit County Domestic Relations Court
**Prince v. Prince,** Case No. 18DU083989, Lorain County Domestic Relations Court
**Blanchard v. Blanchard,** Case No. 17DR324, Ashtabula County Division of Domestic Relations
**Nemer v. Nemer,** Case No. DR-2019-01-0077, Summit County Domestic Relations Court
**405 W. Superior Property Investors, LLC v. Kristen Wolf Pilates, Inc., et al.,** Case No. 2017 M1 126309 Circuit Court of Cook County, Illinois
**Cynthia Osborne, et.al v. J.T.O., Inc. et.al** Case No. CV18-897825, Cuyahoga County Court of Common Pleas
**Rennell v. Rennell,** Case No. DR-19-379000, Cuyahoga Pleas Court
**Poulos v. Poulos,** Case No. DR-2020-09-2494, Summit County Domestic Relations Court
**Summitcrest Holdings, LLC, et al. v. Summitville Tiles, Inc.**, Case No. 2020CV249, Columbiana County Court of Common Pleas